**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| SIMA SCHWARTZ a/k/a, | : | CASE NO. 06-42476-JBR |
| SIMA M. SHWARTZ | : | |
| <u>DEBTOR</u> | : | |
| SIMA SCHWARTZ | : | |
|    PLAINTIFF, | : | |
| v. | : | Adversary Pro. No. 07-4098 |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY, AS TRUSTEE and HOMEQ | : | |
| SERVICING AGENT FOR | : | |
| DEUTSCHE BANK NATIONAL TRUST | : | |
| COMPANY, AS TRUSTEE | : | |
|    <u>DEFENDANTS.</u> | : | |

**MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court for hearing on the Defendants' Motion for Summary Judgment [docket #32] and the Objection of the Debtor thereto [# 42]. The multi-count complaint revolves around the Debtor's allegation that the prepetition foreclosure sale conducted by Defendant Deutsche Bank's agents, was invalid while the Defendants allege they can now demonstrate that Deutsche Bank was the mortgagee at the time the foreclosure proceedings were done and the sale conducted.

**FACTS**

The background is set forth in the Court's Memorandum of Decision [Chapter 7 Case No. 06-42476; docket # 84], and need not be repeated here, The facts relevant to the summary judgment motion are straightforward and not in dispute. On April 19, 2007

this Court entered an Order denying the Motion for Relief of HomEq Servicing Corporation ("HomEq"), one of the Defendant's herein, in the Chapter 7 bankruptcy case [Chapter 7 Case No. 06-42476; docket # 85].[1]  In the accompanying Memorandum of Decision, the Court explained that HomEq and Deutsche Bank failed to prove that Deutsche Bank had the right to commence its foreclosure action on the Debtor's property.  The Court noted:

> In the current culture of buying and selling notes and security instruments, it is not uncommon for notes and mortgages to be assigned, often more than once.  When the role of a servicing agent acting on behalf of a mortgagee is thrown into the mix it is no wonder that it is often difficult for unsophisticated borrowers to be certain of the identity of their lenders and mortgagees.  On more than one occasion this Court has heard Debtors complain that they did not know where they were supposed to send their mortgage payments.  In fact the Court has observed instances in which attorneys representing alleged mortgagees or their servicing agents did not know whether the client was a mortgagee or a serving agent, or how their client came to acquire its role.  When this *pro se* Debtor put found herself in just such a situation, she challenged whether the correct party brought and conducted the foreclosure proceedings.  When HomEq was required to prove its authority to conduct the sale, and despite having been given ample opportunity to do so, what was produced instead was jumble of documents and conclusory statements, some of which are not supported by the documents and indeed even contradicted by them.

Despite having been given two separate opportunities to demonstrate that the proper party initiated and conducted the foreclosure proceedings, neither HomEq or Deutsche Bank could do so.  In fact, the documents provided by HomeEq and/or the

---

[1] As discussed below, both HomEq and Deutsche filed motions for relief to evict the Debtor based on the fact that Deutsche Bank had conducted a foreclosure sale of the property prepetition.

2

Deutsche Bank provided the basis for the contrary conclusion. Moreover as noted in the Court's Memorandum of Decision, no party requested an evidentiary hearing and neither HomEq or Deutsche Bank appealed the April 19, 2007 Order. Consequently the Court did not grant relief to evict the Debtor because the Bank failed to show that the proper party initiated and prosecuted the foreclosure action and therefore failed to demonstrate that the foreclosure was valid.[2] Therefore the foreclosure proceeding was invalid. The Defendants now argue, however, that they can demonstrate that the foreclosure was validly commenced and conducted.

**DISCUSSION**

Summary judgment may be granted if there are no material facts in dispute. Fed. R. Bankr. P. 7056, incorporating Fed. R. Civ. P. 56. As there are no disputes of any material facts,[3] summary judgment is an appropriate context in which to address the Defendants' argument.

It is too late for the Defendants to argue that the foreclosure was commenced and conducted by the proper party. They are barred by the principle of collateral estoppel.[4] As the First Circuit noted in *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d

---

[2] The Court never addressed whether the mortgage was valid nor did it rule that the mortgagee, whoever that party might be, was unable to commence a new foreclosure action.

[3] Whether Deutsche Bank was the mortgagee by assignment at the time its Motion for relief was denied, is not material to this matter.

[4] The Debtor argues that the Court's finding that the foreclosure sale was not valid with respect to the Motion for Relief is the "law of the case." "As most commonly defined, the doctrine [of the law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *In re Williams*, 190 B.R. 728, 736 (D.R.I.1996). *See also*

26, 30 -31 (1st Cir. 1994),

> We have explained that there are two different aspects of *res judicata* -claim preclusion and collateral estoppel (also called issue preclusion).  The essential elements of claim preclusion are: (1) a final judgment on the merits in an earlier action; (2) an identity of parties or privies in the two suits; and (3) an identity of the cause of action in both suits.  Once these elements are established, claim preclusion also bars the relitigation of any issue that was, or *might have been,* raised in respect to the subject matter of the prior litigation.
>
> The principle of collateral estoppel, or issue preclusion, bars relitigation of any factual or legal issue that was *actually* decided in previous litigation between the parties, whether on the same or a different claim.  When there is an identity of the parties in subsequent actions, a party must establish four essential elements for a successful application of issue preclusion to the later action: (1) the issue sought to be precluded must be the same as that involved in the prior action; (2) the issue must have been actually litigated; (3) the issue must have been determined by a valid and binding final judgment; and (4) the determination of the issue must have been essential to the judgment. An issue may be "actually" decided even if it is not *explicitly* decided, for it may have constituted, logically or practically, a necessary component of the decision reached in the prior litigation. (Internal citations and quotation marks omitted).

Although the *Grella* court went on to address the scope of a hearing on a motion for relief and held that principles of collateral estoppel did not bar a trustee from later pursuing a preference claim against the creditor, the case is distinguishable from the instant one.  First the court noted the summary nature of the proceeding and the speed with which motions for relief are generally determined.  In this case, however, HomEq filed its Motion for Relief on December 7, 2006.  At the first hearing on the Motion, held

---

*Whitehouse v. LaRoche,* 277 F.3d 568, 573 (1st Cir. 2002).

on January 4, 2007, relief was denied with the notation that "NO EVIDENCE THAT THE MOVING PARTY IS PROPER MOVING PARTY."  On January 8, 2007 Deutsche Bank filed a new Motion for relief with respect to the same property.  The Debtor filed a timely objection on the grounds that Deutsche Bank was not the proper party to have commenced and conducted the foreclosure and the Court scheduled a hearing for February 1, 2007.  Deutsche Bank subsequently sought and obtained a continuance of the hearing so it could re-serve the Motion for Relief and all of its attachments on the Debtor.  At the same time Deutsche Bank filed a response to the Debtor's Objection and attached additional documents relevant to the prepetition foreclosure sale.  The Motion for Relief was continued to February 8, 2007 and shortly before and at the hearing, Deutsche filed more documents to buttress its Motion.  At the hearing, however, the Court voiced the same concerns as it had previously, namely that Deutsche Bank presented no evidence that it held the mortgage at the time the foreclosure proceedings were commenced and the sale conducted.  The Court, however, took the matter under advisement and gave Deutsche Bank the opportunity to further supplement its pleadings.  The Bank did and provided the Court with documents it argued demonstrated its compliance with Massachusetts law in foreclosing on the property.  The Debtor again responded.  Following that last volley of pleadings, the Court issued its Memorandum of Decision and the Order denying relief because Deutsche Bank still did not demonstrate that *it* had an interest in the property.[5]  That requirement that the

---

[5]Deutsche Bank continues to mistakenly argue that denial of the Motion for Relief was based on its failure to *record* an assignment of the mortgage to it from the previous mortgagee.  The Court expressly stated it was not the lack of recordation that was the issue but the Bank's complete failure to demonstrate that it indeed was the mortgagee

moving party have an interest is crucial to any motion for relief. "[H]earings [on motions for relief] do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate." *Id.* at 32. The court acknowledged that such a holding comported with the legislative history and quoted the following excerpt from the history:

> [A]t all hearings on relief from the stay, the only issue will be the claim of the creditor and the lack of adequate protection or existence of other cause for relief from the stay. *This hearing will not be the appropriate time at which to bring in other issues, such as counterclaims against the creditor on largely unrelated matters.* Those counterclaims are not to be handled in the summary fashion that the preliminary hearing under this provision will be. Rather, they will be the subject of more complete proceedings by the trustees to recover property of the estate or to object to the allowance of a claim.... The Senate report reiterates this explanation, but also adds: However, this would not preclude the party seeking continuance of the stay from presenting evidence on the existence of claims which the court may consider in *33 exercising its discretion. *What is precluded is a determination of such collateral claims on the merits at the hearing.*

*Id.* at 32-33, quoting H.R.Rep. No. 95-595, 95th Cong., 1st Sess. 344 (1977), *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, at 6300 (emphasis added by *Grella* court) and S.Rep. No. 95-989, 95th Cong., 2d Sess. 55, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, at 5841 (emphasis added by *Grella* court). There is nothing collateral about a party moving for relief demonstrating that it has the requisite colorable interest in the property. In determining the motion for relief, the Court did

---

when the relevant acts were undertaken.

more than simply consider Deutsche Bank's interest; it adjudicated it.[6]

Because Deutsche and HomEq failed to appeal the orders denying their respective Motions for Relief and because the time to seek relief from the order has long since expired,[7] the Motion for Summary Judgment is DENIED. A separate order will issue.

Dated: February 23, 2009

                                          Joel B. Rosenthal
                                          United States Bankruptcy Judge

---

[6] Without having some interest in the property, whether as a mortgagee or servicer, a creditor lacks standing to prosecute a motion for relief.

[7] See Fed. R. Bankr. P. 9023 and 9024.