**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | Case No. 06-42476-MSH |
| SIMA SCHWARTZ | ) | |
| Debtor. | ) | |
| | ) | |
| SIMA SCHWARTZ, | ) | |
| Plaintiff | ) | Adv. Pro. No. 07-4098 |
| v. | ) | |
| DEUTSCHE BANK NATIONAL TRUST HOMEQ SERVICING CORP., | ) | |
| Defendants. | ) | |

**ORDER DENYING MOTION TO DISMISS**

Before me is the motion of the defendants to dismiss six of the seven counts of the adversary proceeding on the grounds that the plaintiff, who is a Chapter 7 debtor, lacks standing to prosecute the six counts at issue because these claims underlying them are property of the debtor's estate and may be prosecuted only by the Chapter 7 trustee.[1] The adversary proceeding, which was commenced on July 7, 2007, is scheduled to be tried on March 16, 2011. While the deadline

---

[1] The complaint requests damages for an allegedly wrongful prepetition foreclosure and a declaration that the defendants' mortgage is void. Although not expressly using the word "recission," it also appears to request rescission of the foreclosure sale. The defendants are moving to dismiss counts I (wrongful foreclosure), II (fraud, deceit and misrepresentation), IV (violation of Mass. Gen. Laws ch. 93A), V (unfair servicing practices), VI (intentional infliction of emotional distress), and VII( violation of Fair Debt Collection Practices Act). The defendants are not challenging the debtor's standing to prosecute count III, titled "void lien" by which the debtor seeks a declaration that the defendants' alleged mortgage lien is void.

1

for filing dispositive motions has come and gone, the defendants justify their last minute motion alleging that they only recently became aware of the debtor's lack of standing. This justification does not withstand scrutiny.

The defendants cite to the debtor's schedule B of her schedules of assets and liabilities, both as originally filed on November 28, 2006 and as subsequently amended on January 26, 2007, as evidence that she failed to disclose the claims against them asserted in this adversary proceeding. Additionally they cite to her statement of intention in which she listed as property she intended to redeem a three family home in Worcester, Massachusetts upon which Deutsche Bank is listed as the secured creditor.[2] These matters entirely undercut the defendants' justification for not raising the debtor's standing sooner. The schedules and statement of intention clearly evidence that the defendants knew or should have known of the debtor's failure to list the asserted claims as property from the moment this adversary proceeding was initiated. In fact, by the time the debtor filed her amended schedule B, HomEq as servicing agent for Deutsche Bank had already filed a motion for relief from stay in order to evict the debtor from the Worcester property. Its counsel received notice of the amended schedule B by the Court's electronic filing system. Thus the motion to dismiss is untimely.

The defendants correctly observe that timeliness may not matter because standing may be raised at any time in order to ensure that the case or controversy requirement of Article III of the United States Constitution is satisfied. *Sentinel Trust Co. v. Newcare Health Corp. (In re Newcare Health Corp.)*, 244 B.R. 167, 170 (1st Cir B.A.P. 2000) citing *U.S. v. AVX Corp.*, 962

---

[2] I note that the defendants argue that the debtor stated her intention to redeem the property "even though no reaffirmation agreement was ever filed with the Court." Motion to Dismiss at ¶ 10. Redemption does not require the execution and filing of a reaffirmation agreement.

F.2d 108, 116 n. 7 (1st Cir. 1992).³  And, as the defendants argue, generally a Chapter 7 debtor may not prosecute claims belonging to the estate. *Vreugdenhil v. Hoekstra (In re Vreugdenhill)*, 773 F.2d 213, 215 (8th Cir.1985);⁴  *Robert v. Household finance Corp. II (In re*

---

³ The inquiry into whether a party has standing has two levels of inquiry: first, whether the Constitutional requirements are satisfied and second, whether a party should be denied standing based on what are known as prudential limitations.

> These prudential limitations are self-imposed rules of judicial restraint … principally concern *whether the litigant (1) asserts the rights and interests of a third party and not his or her own,* (2) presents a claim arguably falling outside the zone of interests protected by the specific law invoked, or (3) advances abstract questions of wide public significance essentially amounting to generalized grievances more appropriately addressed to the representative branches.

*Newcare Health Corp.*, 244 B.R. at 170.

⁴ The *Vreugdenhil* court noted that courts have used a variety of reasons for this conclusion. Authorities have in general agreed (although on varying rationales) that a debtor may not prosecute on his own a cause of action belonging to the estate unless that cause of action has been abandoned by the trustee. *Baker v. Data Dynamics, Inc.,* 561 F. Supp. 1161, 1165 (W.D.N.C.1983) (debtors lack capacity to maintain suit); *In re Homer,* 45 B.R. 15, 25 (Bankr.W.D.Mo.1984) (debtor has no standing); *Steyr Daimler Puch of America Corp. v. Pappas,* 35 B.R. 1001, 1004 (E.D.Va.1983) (trustee must be joined if feasible; court reserves question of whether trustee is an indispensable party); *In re Leisure Dynamics, Inc.,* 33 B.R. 173 (Bankr.D.Minn.1983) (debtor lacks standing, and in absence of trustee, issues are not ripe or concrete); *In re Myers,* 17 B.R. 410, 411 (Bankr.E.D.Calif.1982) (debtor has no real interest in property of the estate); *In re Raymond Construction Co.,* 6 B.R. 793, 797 (Bankr.M.D.Fla.1980) (trustee is the real party in interest). *Cf. Management Investors v. United Mine Workers,* 610 F.2d 384, 390-93 (6th Cir.1979); *Burkett v. Shell Oil Co.,* 448 F.2d 59 (5th Cir.1971); *Dallas Cabana, Inc. v. Hyatt Corp.,* 441 F.2d 865, 867 (5th Cir.1971); *Moore v. Slonim,* 426 F. Supp. 524 (D. Conn.), *aff'd,* 562 F.2d 38 (2d Cir.1977) (cases construing Bankruptcy Act). *But see Smith v. State Farm Fire and Casualty Co.,* 633 F.2d 401, 404-06 (5th Cir.1980) (trustee not an indispensable party where record showed he was willing to rely on efforts made by debtors to prosecute case, and where objection was not made on this ground until conclusion of expensive and lengthy trial).

*Id.* at 215.

*Robert)*, 432 B.R. 464 (Bankr. D. Mass. 2010). Thus I turn to the merits of the motion.

In the defendants' view, the issue is straight-forward. The debtor did not list the claims on schedule B or amended schedule B and the Chapter 7 trustee has taken no steps to abandon these claims and thus they remain property of the estate.

The debtor filed her bankruptcy petition *pro se*. She was *pro se* at the time she filed her schedules of assets and liabilities, her statement of intention, her statement of financial affairs, and her amended schedules. Although she did not list any claims against the defendants as personal property, she listed HomEq on schedule D as a secured creditor for the two mortgages held on the Worcester property and listed HomEq again on schedule F as an unsecured creditor. On schedule C she claimed an exemption in the amount of either $340,000.00 or $390,000.00 in a "3 family house in Worcester, MA."[5] In response to question 4(b) of the statement of financial affairs the debtor identified the eviction action that Deutsche Bank had commenced against her and wrote "Deutsche Bank has purchased my house and evicting me from my apartment." [sic] At the time the statement of financial affairs was filed, the debtor resided in the Worcester property. She also disclosed the foreclosure in response to question 5 of the statement of financial affairs. Therefore the Chapter 7 trustee and parties in interest knew that the debtor was claiming an exemption in property which had been foreclosed prepetition. No objection to the exemption was filed. I find that the debtor's claimed exemption in the Worcester property constitutes an exemption in her claims in this adversary proceeding to recover that property. *Bottcher v. Emigrant Mortgage Co. (In re Bottcher)*, 441 B.R. 1, 3-4 (Bankr. D. Mass. 2011).

---

[5] The schedules are handwritten and the amount of the exemption is difficult to discern. It is either $340,000 or $390,000. The amount is not relevant to my decision.

4

Further I find that the debtor's failure to disclose with more specificity her claims against the defendants was inadvertent. "[T]here are two circumstances under which a debtor's failure to disclose a cause of action in a bankruptcy proceeding might be deemed inadvertent. One is where the debtor lacks knowledge of the factual basis of the undisclosed claims, and the other is where the debtor has no motive for concealment." *Ullom v. Robbins (In re Robbins)*, 398 B.R. 442, 446 (Bankr. W.D.Ky. 2008). The debtor lacks the expertise or experience that would equip her to know how to articulate her claims against the defendants for damages. Moreover, she was not trying to hide the property she is seeking to recover. The schedules of assets and liabilities and statement of financial affairs are replete with references to the foreclosure. Furthermore, she exempted the Worcester property so anyone reading the schedules of assets and liabilities, the statement of intention and the statement of financial affairs knew or should have known that the Worcester property had been foreclosed upon but that the debtor thought she could nevertheless continue to own and redeem that property.

Moreover, the Chapter 7 trustee conducted the debtor's meeting of creditors under 11 U.S.C. § 341[6] and on April 10, 2007 filed a report that there were no assets available for distribution. On July 7, 2007, the debtor, now, represented by counsel, filed the instant adversary proceeding. The Chapter 7 trustee received notice of the filing through the Court's electronic filing system. To date, the Chapter 7 trustee has taken no action with respect to the adversary proceeding and, although on March 2, 2011 the defendants called the Chapter 7 trustee to bring the issue of standing to her attention, she has taken no position on this matter. *See* Motion to Dismiss.

Finally, courts have permitted creditor committees, individual creditors, or even debtors to

---

[6] The § 341 meeting was scheduled for December 11, 2006 but there is no indication on the docket if the meeting was held that day.

5

pursue claims belonging to bankruptcy estates. *Official Committee of Unsecured Creditors v. Marathon Financial Insurance Co. (In re Automotive Professionals, Inc.)*, 389 B.R. 630, 634 (Bankr. N.D. Ill. 2008) (collecting cases).

As the Chapter 7 trustee has shown no inclination to prosecute these claims, I will permit the debtor to prosecute them, either in her own name or as a representative of the estate, and defer determining whether the estate has an interest in any monetary award if the debtor should prevail on those counts for which monetary damages are appropriate.

The motion to dismiss is therefore denied.

Dated: March 14, 2011                                                  By the Court,

 

 

Melvin S. Hoffman
U.S. Bankruptcy Judge