**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

| | |
|---|---|
| In re:<br><br>SIMA SCHWARTZ<br><br>Debtor.<br><hr><br>SIMA SCHWARTZ,<br><br>Plaintiff<br><br>v.<br><br>HOMEQ SERVICING, AGENT FOR DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE and DEUTSCHE BANK NATIONAL COMPANY, AS TRUSTEE,<br><br>Defendants. | Chapter 7<br>Case No. 06-42476-MSH<br><br><br><br><br><br>Adv. Pro. No. 07-04098 |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR A NEW TRIAL**

Before me is the motion of the plaintiff, Sima Schwartz, for a new trial, following my entry of judgment on partial findings in favor of the defendants, HomEq Servicing, agent for Deutsche Bank National Trust Company, as Trustee ("HomEq") and Deutsche Bank National Trust Company, as Trustee ("Deutsche"). The defendants oppose the motion.

I conducted a trial in this adversary proceeding on March 16, 2011. The only witness who testified for the plaintiff was the plaintiff herself. There were seven exhibits introduced into evidence in accordance with the parties' joint pretrial memorandum dated February 4, 2010. After the plaintiff rested her case, the defendants moved for judgment on all counts of the

1

complaint.[1]  I granted the defendants' motion.  On March 20, 2011, the plaintiff moved for a new trial, claiming error in the judgment.

Fed. R. Civ. P. 59(a)(1), made applicable to this proceeding by Fed. R. Bankr. P. 9023, provides that a court may grant a new trial after a nonjury trial "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court."  Furthermore, Rule 59(a)(2) provides that after a nonjury trial, a court may open the judgment and then limit the scope of the new trial by, *inter alia*, taking additional testimony and amending findings of fact and conclusions of law without restarting the entire trial.  For the reasons discussed below, I will grant the motion for a new trial by opening the judgment and affording the defendants the opportunity to present their case with respect to Count I of the complaint only.

A central question at trial was whether defendant Deutsche was the owner of the mortgage on the plaintiff's home during the foreclosure process which resulted in the foreclosure sale of the home on May 24, 2006.[2]  The plaintiff introduced into evidence a document entitled "Assignment of Mortgage" dated May 23, 2006, which reflected the assignment of the plaintiff's mortgage from the original mortgagee, Mortgage Electronic Registration Systems, Inc., as nominee for First NCL Financial Services, LLC, to defendant Deutsche.  During the plaintiff's case, all parties agreed that this assignment was dated prior to the date of the foreclosure sale.  No party disputed its

---

[1] Though the defendant's did not ask for judgment pursuant to any particular procedural rule, I understood the motion to be for judgment on partial findings pursuant to Fed. R. Civ. P.52(c), made applicable to this proceeding by Fed. R. Bankr. P. 7052.

[2] Deutsche bid-in its mortgage debt and purchased the property at the foreclosure sale and remains the record owner of that property in which the plaintiff continues to reside.  Deutsche's unsuccessful efforts to obtain relief from stay to evict the plaintiff were the subject of my predecessor, Judge Joel B. Rosenthal's, landmark decision, *In re Schwartz*, 366 B.R. 265 (Bankr. D. Mass. 2007).

2

authenticity or validity. Because the assignment was executed prior to the foreclosure sale and its validity was not questioned, I ruled at trial that the plaintiff had failed to carry her burden of proving that Deutsche was not the owner of the mortgage when it foreclosed.

In her motion for a new trial, the plaintiff argues that I misconstrued Massachusetts law, pointing out that the Massachusetts Supreme Judicial Court in *U.S. Bank. Nat'l Ass'n v. Ibanez*, 458 Mass. 673, 941 N.E.2d 40 (2011) recently held that in order for a foreclosure sale to be valid the mortgage must have been assigned to the foreclosing entity not merely before the sale, but prior to the first publication of notice of that sale required by Mass. Gen. Laws. ch. 244, § 14. *Ibanez*, 458 Mass. at 647-48. I agree with the plaintiff's interpretation of *Ibanez* and since the May 23, 2006 assignment was executed after the foreclosure notices had been published, I could not rely on the assignment exclusively in granting the defendants judgment on partial findings. In light of the foregoing I must determine whether and to what extent to open the March 6, 2011 judgment for the defendants.

In Count I of the complaint, the plaintiff seeks a ruling that the foreclosure sale was invalid**.** Not only does the March 23, 2006 assignment fail to establish the validity of the foreclosure sale, it constitutes the only evidence presented that at the time Deutsche began publishing notice of the sale, Deutsche was not the holder of the mortgage. The defendants argue that the pooling and servicing agreement dated November 1, 2005 which is listed in the joint pretrial memorandum as a trial exhibit provides evidence that the mortgage on the plaintiff's property was assigned to Deutsche well before the foreclosure process had begun. The excerpt of the pooling and servicing agreement that was admitted during the plaintiff's case in chief, however, provides no such evidence. The excerpt indicates that an entity defined as the "Depositor" assigned the "Trust

3

Fund", which I presume included mortgages listed on a mortgage loan schedule not provided, to Deutsche, as Trustee for the benefit of the certificateholders of the Morgan Stanley Home Equity Loan Trust 2005-4. In *Ibanez*, the Supreme Judicial Court held that where, as here, a recordable assignment was not executed prior to the first publication of a notice of a foreclosure sale, the foreclosing entity may nevertheless prove that it was the mortgagee at the relevant time. The Court observed:

> [w]here a pool of mortgages is assigned to a securitized trust, the executed agreement that assigns the pool of mortgages, *with a schedule of the pooled mortgage loans that clearly and specifically identifies the mortgage at issue as among those assigned*, may suffice to establish the trustee as the mortgage holder. However, there must be proof that the assignment was made by a party that itself held the mortgage.

*Ibanez*, 458 Mass. at 651 (emphasis added). None of the evidence thus far presented at trial indicated that the plaintiff's mortgage was part of the Trust Fund, or how the Depositor acquired the Trust Fund.

I find that the plaintiff has presented sufficient evidence of the chain of title of the mortgage on her property to carry her burden of persuasion that the mortgage was not owned by Deutsche before the first publication of the notice of foreclosure sale. I must, therefore, vacate and open the judgment for the defendants on Count I of the complaint.

In Count II, the plaintiff alleged that the defendants engaged in fraud, deceit and misrepresentation. Even if the foreclosure sale is ultimately determined to have been invalid, the plaintiff has produced not one scintilla of evidence that the defendants intended to defraud her, or to misrepresent their role in the foreclosure process. Accordingly, judgment for the defendants on Count II of the complaint stands.

In Count III of the complaint, the plaintiff sought to void the defendants' lien pursuant to Bankruptcy Code § 506(d) which provides that a lien secured by a disallowed claim is void. *See Dewsnup v. Timm*, 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992). The defendants never filed proofs of claim in the main case but the plaintiff argues that the defendants' motions for relief from stay should be deemed informal proofs of claim and their denial the equivalent of disallowance.[3] In order for a motion for relief from stay to qualify as an informal proof of claim it must (i) be in writing, (ii) express an intent to hold the debtor liable for a debt and (iii) be filed with the bankruptcy court. *In re Enterlife Ambulance Corp.*, 2010 WL 1508296 (Bankr. D.P.R. 2010). In this case, defendants' motions for relief from stay did not purport to hold the plaintiff liable for a debt but were merely seeking relief to evict the plaintiff following the foreclosure sale of her property. Therefore, the motions for relief do not constitute informal proofs of claim. As a result, judgment for the defendants on Count III of the complaint stands.

Count IV of the complaint alleged that the defendants violated the Massachusetts Consumer Protection Act, Mass. Gen. Laws ch. 93A. While it is possible that an unlawful foreclosure constitutes a *per se* violation of Chapter 93A, by failing to send the defendants a demand letter thirty days prior to filing the adversary proceeding as required by Mass. Gen. Laws ch. 93A, § 9(3), the plaintiff may not pursue such a claim. The plaintiff argues that the defendants have waived the right to assert this defense by failing to raise it earlier in these proceedings. In fact, the defendants asserted the plaintiff's failure to "comply with the conditions precedent to bringing this action" as the eleventh affirmative defense in their answer. Accordingly there is no

---

[3] HomEq originally moved for relief from stay on December 7, 2006. Judge Rosenthal denied this motion because HomEq produced no evidence that it was the proper moving party. Deutsche then moved for relief on January 8, 2007, which was denied on April 19, 2007 in accordance with the memorandum of decision cited in note 2, *supra*.

basis to vacate the judgment for the defendants in Count IV of the complaint and the judgment stands.

In Count V of the complaint, the plaintiff alleged that the defendants violated 209 Mass. Code. Regs. § 18.21, a Massachusetts regulation forbidding a loan servicer from knowingly or recklessly facilitating the illegal foreclosure of real property.   The plaintiff presented no evidence at trial that defendant HomEq as loan servicer knowingly or recklessly facilitated an unlawful foreclosure.   Therefore, judgment for the defendants on Count V of the complaint stands.

As I stated when I entered the March 16th judgment, the plaintiff did not carry her burden of proof as to any of the elements required for a showing of the intentional infliction of emotional distress and thus the judgment for defendants on Count VI of the complaint stands.

Count VII of the complaint alleged that the defendants violated the Massachusetts Collection Agencies Act, Mass. Gen. Laws ch. 93, §§ 24-28 (the "CAA"), and, to the extent that the CAA is preempted, the federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (the "FDCPA").   While the CAA itself does not provide for a private right of action, Mass. Gen. Laws ch. 93, § 28 establishes that the failure to comply with any provision of the CAA constitutes a violation of Chapter 93A.   Therefore, the only way for a debtor to sue a debt collector for a violation of the CAA is to bring an action under Chapter 93A.   *See* A.S. Pratt & Sons, Fair Debt Collection Practices: Federal and State Law and Regulation ¶ 22.07[4] (Nov. 2009).   Since the plaintiff failed to send a demand letter to the defendants and cannot succeed on a claim under Chapter 93A, the plaintiff's claim under the CAA must fail as well.

Neither the plaintiff nor the defendants asserted that the CAA is preempted by federal law with respect to this case.   Because the plaintiff alleged that the FDCPA would only be applicable

6

here if the CAA were preempted, I need not open the judgment for the plaintiff with respect to any FDCPA claims. Therefore, judgment for defendants on Count VII of the complaint stands.

In light of the foregoing, I hereby vacate and open the judgment in favor of the defendants on Count I of the complaint only. Defendants must now be afforded the opportunity to present their case with respect to this count. A half-day trial will be scheduled.

Dated: April 7, 2011                                                                                       By the Court,

                                                                                                            Melvin S. Hoffman
                                                                                                            U.S. Bankruptcy Judge